**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| CARGO TRANSPORTERS COMPANY, ) | | |
| On behalf of ROBERT WINSTEAD, ) | | |
| ) | | |
| PLAINTIFF, ) | | |
| ) | | |
| v. ) | **CIVIL ACTION NO.** 3:06CV348-M | |
| ) | | |
| ) | **Jury Trial Demanded** | |
| DONALDSON COMPANY, INC., ) | | |
| ) | | |
| DEFENDANT. ) | | |

## COMPLAINT

### I. JURISIDICTION

1.      This Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. Sec.

1332, diversity of citizenship of the parties.

### II.     PARTIES

2.      Plaintiff, Cargo Transporters Company, is a North Carolina Corporation.

3.      Defendant Donaldson Company, Inc., is a Delaware Corporation, with its

principal place of business in Minnesota. Defendant is qualified to do business, and does

business, in the state of Alabama.

### III.     ALLEGATIONS OF FACT

4.      On or about June 15, 2004, Robert Winstead, while working for Plaintiff, was

struck by a forklift operated by an employee of the Defendant, at the Defendant's

business in Lee County, Alabama.

5.      Both Mr. Winstead and the said employee of Defendant were operating within the

line and scope of their employment at the time of the accident.

6.    As a result of said accident, Mr. Winstead incurred serious injuries to his body, which required, among other things, surgery on his back.

7.    Plaintiff is self-insured regarding its worker's compensation obligations.

8.    Plaintiff has expended over ninety thousand dollars in worker's compensation benefits to Mr. Winstead since the accident.

9.    Upon information and belief, Plaintiff will expend significant sums of money in the future in furtherance of its worker's compensation obligations to Mr. Winstead.

10.    The North Carolina Worker's Compensation Act allows the Plaintiff to bring this action on behalf of Mr. Winstead to recover all sums of money paid under its worker's compensation obligations.

## IV.    CLAIM ONE –NEGLIGENCE

11.    Plaintiff adopts and realleges Paragraphs 1-10 above, as if set out in full herein.

12.    The conduct of the employee for the Defendant, described earlier in this Complaint, constitutes the negligent operation of a motor vehicle, to wit, a forklift.

13.    Defendant's employee was under a duty to operate said motor vehicle in a safe manner.

14.    Said employee breached said duty in colliding with Mr. Winstead.

15.    As a proximate result of Defendant's said negligence, Plaintiff was caused to suffer damages.

## V.    CLAIM TWO-WANTONNESS

16.    Plaintiff adopts and realleges Paragraphs 1-15 above, as if set out in full herein.

17.    The conduct of the Defendant described earlier in this Complaint, constitues wanton operation of a motor vehicle as defined by Alabama Law.

**18.** As a proximate result of Defendant's wantonness, Plaintiff was caused to suffer injuries and damages.

**19.** Plaintiff claims punitive damages of Defendant due the Defendant's said wanton conduct.

## VI. CLAIM THREE – PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court will grant it the following relief:

a. Awarding Plaintiff compensatory and punitive damages, including costs.

b. Grant such additional and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted this the _____ day of April, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff
AL BAR ID 8935-U83J
McNeal & Douglas, Attorneys at
Law. L.L.C.
P.O. Box 1423
Auburn, Alabama, 36831
334-821-6401

## JURY DEMAND

Pursuant to rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by struck jury.

Respectfully submitted this _____ day of April, 2006.

James B. Douglas, Jr.
Attorney for Plaintiff