# IN THE UNITED STATES DISTRICT COURT
# FOR TH MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **CARGO TRANSPORTERS** ) | |
| **COMPANY, on behalf of** ) | |
| **Robert Winstead,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| VS. ) | **CASE NO. 3:06 CV 348 MEF** |
| ) | |
| **DONALDSON COMPANY, INC.,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## MOTION FOR HIPAA ORDER

COMES now the Defendant and moves this Honorable Court to enter the attached "HIPAA Order in Civil Action" in compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**NO ORAL ARGUMENT REQUESTED**

                                                      s/ M. Keith Gann
                                                      Attorney for Defendant
                                                      HUIE, FERNAMBUCQ & STEWART
                                                      Protective Center Building 3, Suite 200
                                                      2801 Highway 280 South
                                                      Birmingham, Alabama 35223
                                                      Telephone:  (205) 251-1193
                                                      Facsimile:   (205) 251-1256
                                                      mkg@hfsllp.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the above and foregoing **MOTION FOR HIPAA ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James B. Douglas, Jr., Esq.
McNEAL & DOUGLAS
Post Office Box 1423
Auburn, Alabama 36831

on this **9**th day of **August, 2006.**

                s/ M. Keith Gann
                Of Counsel

### IN THE UNITED STATES DISTRICT COURT
### FOR TH MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **CARGO TRANSPORTERS** ) | |
| **COMPANY, on behalf of** ) | |
| **Robert Winstead,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| VS. ) | **CASE NO. 3:06 CV 348 MEF** |
| ) | |
| **DONALDSON COMPANY, INC.,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## HIPAA ORDER IN CIVIL ACTION

Upon compliance with Alabama law, the attorneys for the parties to this lawsuit are permitted to obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual, including any and all psychiatric and/or mental health records. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

This Court Order authorizes any third-party who is provided with a subpoena

requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE AND ORDERED this the ____ day of _____, 2006.

_____
Judge Mark E. Fuller