IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CARGO TRANSPORTERS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-348-MEF |
| | ) | |
| DONALDSON COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| CARGO TRANSPORTERS COMPANY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:06-cv-529-MEF |
| | ) | |
| DONALDSON COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF
CARGO TRANSPORTERS COMPANY'S
PARTIAL MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Plaintiff Cargo Transporters Company, and files, simultaneously with its Partial Motion for Summary Judgment, this Memorandum in support of said Motion.

**BACKGROUND**

Plaintiff Cargo Transporters Company is a company engaged in trucking operations, with its principal place of business in Claremont, North Carolina. Cargo Transporters Company provides service in the forty-eight Continental United States.

On or about June 15, 2004, Robert Winstead, also a Plaintiff in this Action, while working as an employee of Plaintiff Cargo Transporters Company, was injured, when he was struck by a forklift operated by an employee of the Defendant, at the Defendant's business in Lee County, Alabama. At the time of the incident, Mr. Winstead was working within the line and scope of his employment for Plaintiff Cargo Transporters Company; Mr. Winstead incurred injuries to his body as a result of said incident.

Mr. Winstead's injuries were received while he was "on-the-job", therefore, were subject to the North Carolina Workers' Compensation Act. Mr. Winstead's workers' compensation claim was settled on the 20th day of October, 2006. The total amount of benefits paid to Mr. Winstead, as a result of his workers' compensation claim, was $195, 205.36.

Prior to the close of Mr. Winstead's workers' compensation case, Plaintiff Cargo Transporters Company filed this complaint against the Defendant to recover sums of money it had paid to Mr. Winstead as a result of his workers' compensation claim. On June 19, 2006, Mr. Winstead filed an action in his own behalf in this Court, styled Winstead v. Donaldson Company, Inc. 3:06-cv-529-MEF-WC. On November 28, 2006, acting upon the Motion of Plaintiff Cargo Transporters Company and Defendant Donaldson Company, Inc. this Court consolidated these two cases for discovery and trial due to "common questions of fact and in the interest of judicial economy."

**UNDISPUTED FACTS**

As evidenced by the attached Affidavit of Meredith Priestley, Corporate Counsel for Cargo Transporters Company, Mr. Winstead was an employee of Plaintiff Cargo Transporters Company when he was injured on or about June 15, 2004. Mr. Winstead's

injuries were received while he was within the line and scope of his employment, and therefore, were subject to the North Carolina Workers' Compensation Act. (See Priestley Affidavit Exhibit "A" attached.) Cargo Transporters Company expended $195,205.36 on Mr. Winstead's workers' compensation claim. (See Priestley Affidavit Exhibit "A" attached.)

## ARGUMENT

Plaintiff Cargo Transporters Company is requesting that this Court enter a Declaratory Summary Judgment, indicating that Plaintiff Cargo Transporters Company is entitled to a subrogation interest, should Winstead be successful against Defendant, in the amount of $195, 205.36. Summary Judgment is appropriate "if the Pleadings, Depositions, Answers to Interrogatories, and Admissions on file, together with the Affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) Under Rule 56, the party seeking Summary Judgment must first inform the Court of the basis for the Motion, and the burden then shifts to the non-moving party to demonstrate why Summary Judgment would not be proper. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### A. Choice of Law.

Plaintiff Cargo Transporters Company's claims in its complaint are governed by the laws of the State of Alabama. A federal court in a diversity case is required to apply the laws, including principles of laws, of the state in which the Federal Court sits. Goodwin v. George Fischer Foundry Systems, Inc., 769 F.2d 708(11th Cir. 1985). This case is a third-party tort-feasor suit against Defendant Donaldson for the personal injuries

of Mr. Winstead. Alabama Law has held that these types of third-party tort-feasor actions are a tort action for damages. Johnson v. Asphalt Hot Mix, 565 So. 2d 219 (Ala. 1990), Metropolitan Casualty Ins. Co. v. Sloss – Sheffield Steel & Iron Co., 241 Ala. 545, 3 So.2d 306 (1941).

Under Alabama's conflict of laws rules, tort cases are to be determined by the law of the state in which the accident occurred, in this case, Alabama. Fits v. Minnesota Mining & Mfg. Co., 581 So. 2d 19, 820 (Ala. 1991).

### B. ALABAMA WORKERS' COMPENSATION ACT

§ 25-5-11(d) of the Code of Alabama, 1975, indicates that an employer may bring a civil action against a third-party tort-feasor. Subsection A of the above-referenced section holds that in cases where the injured employee has brought a suit against a third-party tort-feasor, as in this case, that the employer "shall be entitled to subrogation for medical and vocational benefits extended by the employer on behalf of the employee…" As it is undisputed that Mr. Winstead has brought this claim, and that Plaintiff Cargo Transporters Company has expended medical and vocational benefits on behalf of Mr. Winstead in the amount of $195, 205.36, then it is clear that Plaintiff Cargo Transporters Company is entitled to a subrogation interest in that amount.

As such, Plaintiff Cargo Transporters Company requests that this Court enter an Order of Summary Judgment, that, should Mr. Winstead prevail on his claim against Defendant, that Plaintiff Cargo Transporters Company, will be subrogated in the amount of $195, 205.36.

Respectfully submitted this 15th day of February, 2007.

ATTORNEY FOR PLAINTIFF
CARGO TRANSPORTERS


/s/ James B. Douglas, Jr.
James B. Douglas, Jr.
McNEAL & DOUGLAS, L.L.C.
1710 Catherine Court, Suite B
Auburn, Alabama 36830
(334) 821-1596
Ala. Bar. #8935-u83j

**CERTIFICATE OF SERVICE**

I have served a copy of the foregoing upon the following by placing a copy in the U.S. mail, postage prepaid and properly addressed, on this the 15th day of February, 2007.


M. Keith Gann
Huie, Fernambucq & Stewart, LLP
Protective Center Building 3, Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223

Erby J. Fischer, Esq.
Justin L. Smith, Esq.
Cross, Poole, Goldasich & Fischer, LLC
Morgan Keegan Center
2900 Highway 280, Suite 200
Birmingham, Alabama 35223

/s/ James B. Douglas, Jr.
James B. Douglas, Jr.