**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| CARGO TRANSPORTERS COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:06-cv-348-MEF |
| DONALDSON COMPANY, INC., | ) | |
| Defendant. | ) | |
| ROBERT WAYNE WINSTEAD, JR | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 3:06-cv-529-MEF |
| DONALDSON COMPANY, INC., | ) | |
| Defendant. | ) | |

**ROBERT WINSTEAD'S OPPOSITION TO PLAINTIFF CARGO TRANSPORTERS COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Robert Winstead by and through his attorney of record, Erby J. Fischer, and hereby moves this Court to deny Plaintiff Cargo Transporters Company's Motion for Partial Summary Judgment. In opposition to such motion Winstead contends that the applicable law clearly

disallows the relief sought by Cargo Transporters Company and genuine issues of fact remain that preclude summary judgment. As grounds for such denial, Winstead submits the following:

## ARGUMENT

### A. Standard of Review

Only when a movant presents a prima facie case showing that there is no genuine issue of material fact is summary judgment appropriate. Thus, the burden is on the moving party to show that there is no material fact in dispute. Moore v. Awtrey Realty Company, Inc., et al., 2000 WL 1717107 (Ala. Civ. App.). To such end, all evidence should be viewed in a light most favorable to the nonmovant and all doubts regarding the evidence shall be resolved against the moving party. Stephens v. City of Montgomery, 575 So. 2d 1095, 1097 (Ala. 1991).

### B. Plaintiff Cargo Transporters' Failure to Prove Damages Precludes Summary Judgment.

Cargo Transporters makes the following prayer for relief in its Memorandum in support of its Partial Motion for Summary Judgment: "Cargo Transporters Company requests that this Court enter an Order of Summary Judgment, that, should Mr. Winstead prevail on his claim against Defendant, that Plaintiff, Cargo Transporters Company, will be subrogated

in the amount of $195,205.36." (Memo., pg. 4). Cargo Transporters makes no effort to establish evidence of liability of Donaldson Company nor do they offer evidence that damages are causally related to wrongful conduct of Donaldson Company. Cargo Transporters relies on Winstead to make the necessary evidentiary showing to establish liability and damages and seeks instead to liquidate its subrogation claim. It is entirely appropriate and permissible for Cargo Transporters to protect its subrogation interest. The present effort, however, to prematurely liquidate the amount of its subrogation interest with no sharing in the procurement costs of Winstead is in conflict with existing law in both Alabama and North Carolina as is shown herein.

In opposition to Plaintiff's motion Winstead argues that Cargo Transporters has failed to proffer any evidence of damages that would justify the requested "declaratory summary judgment." ("Plaintiff Cargo Transporters Company's Partial Motion for Summary Judgment," p. 1). No evidence has been proffered by Cargo Transporters proving the alleged payment of $195,205.36 was the proximate result of conduct of the Donaldson Company, Inc. Alabama case law states that "damages may be awarded only where they are reasonably certain." Jamison, Money, Farmer & Co., P.C. v. Standeffer, 678 So.2d 1061, 1067 (Ala.1996). Accordingly, it

is the burden of the party claiming damages to present competent evidence regarding the existence of and amount of damages the party allegedly suffered. Johnson v. Harrison, 404 So.2d 337 (Ala.1981); Jones v. Quality Development Co., 671 So.2d 744 (Ala.Civ.App.1995). Furthermore, in Jefferson County v. Flanagan, the Alabama Court of Civil Appeals states, "An award of damages cannot be made upon speculation, ***and the party claiming damages has the duty of offering substantial evidence of the amount of the damages allegedly suffered***. Jefferson County v. Flanagan, 722 So.2d 763, 767 (Ala.Civ.App.1998)(emphasis added).

Beyond proving the amount to which it is entitled, the damages must also be proximately link to the conduct of the Donaldson Company. See Continental Eagle Corp. v. Mokrzycki, 611 So.2d 313, 320 (Ala.1992)(General tort law permits recovery of all damages ***proximately*** caused by the wrongful acts of the defendant)(emphasis added); See also C. Gamble, Alabama Law of Damages, (3rd ed. 1994), § 2-3 (stating that, "In order for one to be chargeable for damages to another, his negligence must have been the proximate cause of the injury sustained.").

While the Plaintiff, Robert Winstead, concurs with the allegations of damages made by Cargo Transporters, the law is clear that such damages must be proven. Here, Cargo Transporters relies upon Winstead to provide

the necessary evidence to support his claims and thereby protect and enforce their subrogation rights. Although that procedure is entirely appropriate, the present motion for a declaratory liquidation of the purported subrogation claim, *as against Winstead's recovery,* is improper and premature as discussed in the next argument herein.

**C. The Statutory Obligation of the Employer to Proportionately Share in Attorney's Fees upon the Resolution of a Third-Party Claim Precludes Summary Judgment Liquidating the Plaintiff's Alleged Subrogation Interest.**

Cargo Transporters seeks to achieve summary judgment at a point well before the appropriate time at which all matters can be settled. Under Alabama's Workmen's Compensation Code,

> The employer shall be liable for that part of the attorney's fees incurred in the settlement with the third party, with or without a civil action, in the same proportion that the amount of the reduction in the employer's liability to pay compensation bears to the total recovery had from the third party.

Ala.Code 1975 § 25-5-11 (e).[1]

Based upon this statutory language, Fitch v. Insurance Company of North America, 408 So.2d 1017 (Ala. Civ. App. 1981) sets out a formula to be applied upon the resolution of an employee's claim against a third-party

[1] North Carolina's Worker's Compensation Statute § 97-10.2 also requires the employer to share the attorney's fees with the employee in direct proportion to the amount each receives in a settlement with or a judgment against the third-party tortfeasor. Cargo Transporters asserts that the Alabama Workers Compensation Act governs its subrogation rights in the present case. Winstead makes no analysis of the choice of law issue as the result is the same under either Alabama law or North Carolina law.

where an employer has already compensated the employee through workmen's compensation. Fitch at 1019. Particularly, the workmen's compensation carrier in Fitch was entitled to reimbursement of the amount paid in workmen's compensation benefits, offset by the carrier's pro rata share of attorney's fees. Id. See also, Maryland Cas. Co. v. Tiffin, 537 So.2d 469 (Ala. 1988)(where the Alabama Supreme Court adopted the formula established in Fitch, 408 So.2d at 1019).

Utilizing the statute-based formula set out in Fitch requires the final determination of certain variables including the settlement amount and the sum of attorney's fees and costs; it is only after these variables are determined that the formula can be computed. Thus, to award Plaintiff Cargo Transportation's summary judgment and thereby its subrogation interest without an ability to calculate its obligation to pay attorney's fees would contravene the statutory language of Ala. Code § 25-5-11 (e), requiring the employer to share in the employee's expenses in bringing a suit against a third-party tortfeasor. Only upon resolution of Winstead's third-party claim will the variables be conclusively determined, thereby evoking the proper time at which Cargo Transportation's subrogation interest can be calculated and distributed under Ala. Code § 25-5-11 (e).

Cargo Transporters has every right to "ride the coattails" of Winstead in the present action but cannot avail themselves of Winstead's work, costs and fees without sharing in those procurement costs in a proportionate manner and at the appropriate time.

## CONCLUSION

Based upon the foregoing, Winstead requests the Court duly deny Cargo Transporters its Motion for Partial Summary Judgment as both Alabama and North Carolina law clearly prohibit the relief sought now by Cargo Transporters.

Respectfully submitted this 7th day of March, 2007.

Respectfully submitted,
s/ Erby J. Fischer
Attorneys for Plaintiff Robert Winstead

Erby J. Fischer
AL Bar No.: ASB-2236-F40E
Dana R. Dachelet
AL Bar No.: ASB-7857-A52D
Cross, Poole, Goldasich & Fischer, LLC
2900 Hwy 280, Suite 200
Birmingham, Alabama 35223
(205) 423-8504
(205) 423-8510 (Facsimile)
Email: erby.fischer@cpgf.com
Email: dana.dachelet@cpgf.com

CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of March, 2007, I electronically filed the foregoing Notice with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

M. Keith Gann
Huie, Fernambucq & Stewart, LLP
Protective Center Building 3, Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223

James B. Douglas, Jr.
McNEAL & DOUGLAS, L.L.C.
1710 Catherine Court, Suite B
Auburn, Alabama 36830


And I hereby certify that I have mailed by United States Postal Service by certified mail the document to the following non-CM/ECF participants:

None.

    Respectfully submitted,
    s/ Erby J. Fischer
    Attorneys for Plaintiff Robert Winstead
    Erby J. Fischer
    AL Bar No.: ASB-2236-F40E
    Dana R. Dachelet
    AL Bar No.: ASB-7857-A52D
    Cross, Poole, Goldasich & Fischer, LLC
    2900 Hwy 280, Suite 200
    Birmingham, Alabama 35223
    (205) 423-8504
    (205) 423-8510 (Facsimile)
    Email: erby.fischer@cpgf.com
    Email: dana.dachelet@cpgf.com

9