IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CARGO TRANSPORTERS COMPANY, on behalf of Robert Winstead, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 3:06 CV 348 MEF ) |
| DONALDSON COMPANY, INC., | ) ) |
| Defendant. | ) |
| ROBERT WINSTEAD, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 3:06 CV 529 MEF ) |
| DONALDSON COMPANY, INC., | ) ) |
| Defendant. | ) |

## AFFIDAVIT OF M. KEITH GANN

Before me, a Notary Public in and for said County and State, personally appeared M. Keith Gann and after being duly sworn states as follows:

1. My name is M. Keith Gann and I am counsel for the Defendant, Donaldson Company, Inc., in the above referenced case. I have personal knowledge

1


EXHIBIT B

of the things and matters set forth in this Affidavit. This Affidavit is being made pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in response to the Motion for Partial Summary Judgment by Cargo Transporters Company.

2. Plaintiff, Cargo Transporters Company, has filed a Motion for Partial Summary Judgment, seeking to have the Court determine prior to trial and prior to close of discovery that it is entitled to recover $195,205.36 in damages in its lawsuit. However, the Affidavit of Ms. Priestly does not provide a breakdown or any supporting documents which show how the Plaintiff arrived at this claimed damage amount. Furthermore, the Plaintiff has not provided Affidavits or deposition testimony of any of the medical providers as proof of the reasonableness or necessity of medical bills that are apparently included in the damage figures. Furthermore, I cannot determine from Ms. Priestly's Affidavit the amount of medical bills, as opposed to other expenses or damages, that Cargo Transporters Company is claiming.

3. My client, Donaldson Company, Inc., has no presently available means to offer factual materials or other evidence in opposition to the Motion for Partial Summary Judgment or in opposition to the Affidavit of Meredith Priestly. We had previously served a Rule 30(b)(5)&(6) Notice of Deposition of Cargo Transporters Company's representative scheduling a deposition for March 8, 2007, however, the attorney for Cargo requested a change in the date of the deposition. Thus, we

rescheduled the deposition of Cargo's representative for March 12, 2007; however, the attorney for Cargo again canceled that deposition. We continue our efforts to take the deposition of a representative of Cargo Transporters Company, yet no new date has been offered as of the filing of this Affidavit.

4. On behalf of my client, I have submitted a Motion to Strike the Affidavit of Meredith Priestly, on the grounds that it is insufficient on its face and is not proper evidence. Notwithstanding this Motion to Strike, neither I nor my client can develop facts required to oppose Cargo's Motion for Partial Summary Judgment until we have further information as to the damages being claimed. Furthermore, as to any claimed medical expenses, I reserve the right to object to the reasonableness and/or necessity of any such bills that may be the subject to the Plaintiff's claim for damages. As of yet I have not even had an opportunity to fully discover what is being claimed. Cargo Transporters Company, which sues "on behalf of Robert Winstead", has never proved or offered to prove the reasonableness and necessity of any medical bills. Based on my present knowledge of this case, I also contend that there is an issue as to the causation of the claimed damages, even thought I still do not have specific details as to the damages being claimed by Cargo.

5. This Affidavit is offered under the provisions of Rule 56(f) of the Federal Rules of Civil Procedure, and that this Defendant is requesting that the Court

permit reasonable discovery before considering Cargo Transporters Company's Motion for Partial Summary Judgment.

_____
M. Keith Gann

Sworn to and subscribed before me on this the 7 day of March, 2007.

_____
Notary Public

My Commission Expires: 12/18/2010