IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CARGO TRANSPORTERS COMPANY, on behalf of Robert Winstead,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )Case No.: 3:06 CV 348 MEF<br>) |
| **DONALDSON COMPANY, INC.,** | )<br>)<br>) |
| Defendant. | ) |

| | |
|---|---|
| **ROBERT WINSTEAD,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )Case No.: 3:06 CV 529 MEF<br>) |
| **DONALDSON COMPANY, INC.,** | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM ON BEHALF OF DEFENDANT DONALDSON COMPANY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF MEREDITH PRIESTLEY AND MOTION UNDER RULE 56(f)**

Defendant Donaldson Company, Inc. offers this Memorandum of Law in Opposition to Plaintiff Cargo's Motion for Partial Summary Judgment. This

Memorandum also addresses, and is offered in support of, Donaldson's Motion to Strike Priestley Affidavit, and Donaldson's Motion for Rule 56(f) Relief.

This Memorandum will demonstrate that the Plaintiff's Motion for Partial Summary Judgment is inadequate, wholly lacking in any proper factual/evidentiary support, and is due to be denied. Alternatively, the Court should provide relief under Rule 56(f) to permit the Defendant reasonable opportunity to discover the facts underlying Cargo's damage claim.

### CARGO'S MOTION FOR PARTIAL SUMMARY JUDGMENT, THE PRIESTLEY AFFIDAVIT, AND DEFENDANT'S MOTION TO STRIKE

Cargo's Motion for Partial Summary Judgment seeks an unusual order to establish as a matter of law the entire amount of its damages even before the close of discovery and trial. The only factual basis in support of the Motion is Priestley's bare boned Affidavit. The Affidavit is woefully inadequate, violates the express provisions of Rule 56, and ignores Alabama law and Federal rules requiring proof of causation, medical necessity, and reasonableness to support any claim for damages.

Rule 56(e) requires that Affidavits be based on personal knowledge. See generally, <u>Echarde v. Confederation of Canada Life Insurance Co.</u>, 459 F.2d 1377, 1381 (5th Cir. 1972). Priestley's Affidavit may or may not be based on personal knowledge but certainly the Affidavit contains no facts or other basis upon which this

2

Court can conclude that its bare allegations are based on Priestley's "personal knowledge". On this basis alone, the Affidavit should be stricken.

Furthermore, Rule 56(e) requires that supporting affidavits "shall set forth such fact as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein". Cargo's bare boned Affidavit provides absolutely no breakdown or itemization of the amount and nature of the damages being claimed. The Affidavit, as written, violates the proscriptions against hearsay and statements made without personal knowledge. Furthermore, assuming that the damages being sought include medical bills, Cargo has failed to produce "certified copies of all papers", i.e., medical bills, which appear to be referenced in the Affidavit.

Furthermore, the Affidavit and pleadings are inconsistent with one another. Priestly's Affidavit states "As a result of the injuries that he received, Cargo <u>paid Mr. Winstead</u> $195,205.36 (emphasis added)". However, the Brief of Cargo states "That Plaintiff Cargo Transporters Company has expended medical and vocational benefits on behalf of Mr. Winstead in the amount of $195,205.36". Thus, Priestly's Affidavit states that they "paid Mr. Winstead", while the Brief states that it paid medical and vocational benefits "on his behalf". The Defendant suspects that the damage figure sought may include a combination of different types of damage claims, i.e., work

comp benefits, expenses and bills, but Defendant has no way of knowing at this time what exactly is being claimed. In any event, this Defendant has the right to have an itemized and proper breakdown and to require that damages claimed be properly proven.

Where, as here, a supporting Affidavit lacks personal knowledge, and/or is in other aspects inadmissible, the proper remedy is a Motion to Strike. Foster v. Allied Signal, Inc., 98 F.Supp. 2d 1261, 1265 (D. Kan. 2000). Defendant's Motion to Strike Priestley's Affidavit is appropriate since the Affidavit purports to establish damages as a matter of law and yet fails to establish or provide factual support required by law. A Motion for Summary Judgment should not be granted based on affidavit which is not admissible as evidence, which fails to attach sworn or certified documents and which appears to be based on hearsay.

Furthermore, the Plaintiff's Complaint invokes the North Carolina Worker's Compensation Act as the basis of its claim, wherein the Plaintiff states:

> 10. The North Carolina Worker's Compensation Act allows the Plaintiff to bring this action on behalf of Mr. Winstead to recover all sums of money paid under its worker's compensation obligations.

However, Plaintiff's Motion for Partial Summary Judgment now invokes the Alabama Worker's Compensation Act as the basis for its claim in the recently filed

for Motion for Partial Summary Judgment. If Cargo Transporters is now attempting to invoke Alabama's Worker's Compensation Statute, then in that instance Cargo should be required to seek to amend its original Complaint, and if allowed, this would give the Defendant an opportunity to plead accordingly. Even if the Court allows the Plaintiff to change which State's Act the Plaintiff is traveling under, the medical and related benefits recoverable under the Alabama Worker's Compensation Act must be causally related, reasonable amount and medically necessary, Title 25-5-77(a Code of Alabama 1975), Mitchell Motor Company v. Burrow, 37 Ala. App. 222, 66 So.2d 198 (1953) Alverson v. Fontaine Fifth Wheel Company, 586 So.2d 216 (Ala. Civ. App. 1991).

In addition to the express provisions of the Alabama Worker's Compensation statutes, and the cases construing them cited above, the general Alabama law of damages follows this same common sense rule - conclusory allegations of amounts paid are wholly inadmissible without further proof of causal relation, reasonableness, and medical necessity, Aplin v. Dean, 231 Ala. 320, 164 So.2d 737 (1935), Food Town Stores, Inc. v. Patterson, 282 Ala. 477, 213 So.2d 211 (1968).

The Priestley Affidavit is tantamount to a Plaintiff seeking a pretrial determination of damages by filing a bare boned affidavit to the effect that "I, the Plaintiff, have incurred medical bills and other damages of $100,000.00". Without

further proof of causation, reasonableness of amount, and medical necessity, the trial court could not and would not permit such unsupported damage claims to be submitted to the jury, much less established even before the close of discovery. Just so here, Priestley's Affidavit, making the bare conclusory allegation of the amount of the alleged damages, fails to provide any evidence of causation, reasonableness of amount, and/or medical necessity. As such, the Priestley Affidavit should be stricken, and the Motion for Partial Summary Judgment denied.

In further support of Defendant's Motion to Strike Priestley's Affidavit, the Court is referred to defense counsel Gann's Affidavit. Gann's Affidavit properly points out a number of concerns and unresolved factual issues - for example, the Plaintiff has failed to provide evidence from a single medical provider as proof of the reasonableness or necessity of the medical bills claimed. Moreover, Priestley's Affidavit provides no breakdown or any supporting documents demonstrating how the claimed damages were determined, nor any further clarifying information beyond the bare sum claimed.

## DEFENDANT'S RULE 56(f) MOTION

Since the Priestley Affidavit is conclusory only, lacking the requisite evidentiary facts, the Court should strike the Affidavit, and overrule Cargo's Motion

for Partial Summary Judgment. If the Court declines to do so, the Court must next consider Defendant's Motion under Rule 56(f). As outlined in defense counsel Gann's Affidavit, the Defendant has been diligent in conducting initial discovery of the damages resulting from the injury and allegedly forming the basis of Cargo's worker's compensation subrogation claim. To date, Cargo has not yet sat for deposition, and Defendant is wholly unable to develop the evidence needed to oppose Cargo's Motion.

Gann's Affidavit establishes the real need for additional discovery, including but not limited to the 30(b) 5 & 6 deposition of Cargo which was first served 8 February, but still has not been taken. Without this deposition, and possibly depositions of one or more medical providers, Defendant is wholly unable to verify the merits of the damage claim. Defendant is severely prejudiced by the inability to contest some or all of that claim including whether certain expenses are causally related, whether certain expenses are medically necessary, and whether certain expenses are reasonable in amount.

The Courts have routinely and uniformly followed the common sense rule that summary judgments should rarely be granted if the opposing party is unable to conduct discovery <u>Hellstron v. United States Dep't of Veterans Affairs</u> 201 F.3rd '94, '97 (2nd Cir. 2000). Similarly, the Courts have been hospitable to parties seeking

Rule 56(f) relief where, as here, the party has demonstrated a need for additional discovery, and the party has been reasonably diligent in seeking such discovery, <u>Crystaline H([2])O, Inc. v. Orminski</u>, 105 F.Supp. 2d 3 6-8 N.D.N.Y. 2000, <u>Black v. NFL Players Ass'n</u>, 87 F.Supp. 2nd 1, 4 D.D.C. (2000).

## **CONCLUSION**

The Motion for Partial Summary Judgment is defective, the supporting Affidavit is conclusory and clearly below the minimum standards of Rule 56. The Priestley Affidavit should be stricken, and the Motion overruled.

Alternatively, the Court should post-pone its scheduled 14 March submission date, grant Defendant's Rule 56(f) Motion, and permit the Defendant additional time to conduct reasonable discovery on the issues of causation, reasonableness, and medical necessity of the subrogation lien.

    Respectfully submitted,

    s/M. Keith Gann
    Attorney for Defendant
    HUIE, FERNAMBUCQ & STEWART
    Protective Center Building 3, Suite 200
    2801 Hwy. 280 South
    Birmingham, AL 35223
    Telephone: 205-251-1193
    Facsimile:  205-251-1256
    mkg@hfsllp.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the above and foregoing **MEMORANDUM ON BEHALF OF DEFENDANT DONALDSON COMPANY, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AFFIDAVIT OF MEREDITH PRIESTLEY AND MOTION UNDER RULE 56(f)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James B. Douglas, Jr., Esquire
McNeal & Douglas
P.O. Box 1423
Auburn, AL 36831

Erby J. Fischer, Esquire
Cross, Poole, Goldasich & Fischer, LLC
Morgan Keegan Center
2900 Highway 280, Suite 200
Birmingham, AL 35223

on **March 7, 2007**.

                                            s/ M. Keith Gann
                                            Of Counsel